Insurance Commissioner
ACCEPTED SOP
OCT 16 2023
TIME: 2 PM

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| ARCON GC, LLC, a Washington corporation,<br>Plaintiff,<br>vs.<br>KCL EXCAVATING, INC., a Washington corporation; and WESTERN NATIONAL ASSURANCE COMPANY, a Minnesota corporation,<br>Defendants. | Case No.<br>COMPLAINT |
|---|---|

Plaintiff Arcon GC, LLC ("Plaintiff" or "Arcon") by and through its undersigned attorneys, brings this Complaint against Defendants KCL Excavating, Inc. and Western National Assurance Company for breach of contract, breach of the Washington Consumer Protection Act, bad faith, declaratory relief, and violation of Washington's Insurance Fair Conduct Act, RCW 48.30.015. Arcon alleges as follows:

## I. PARTIES AND JURISDICTION

1.1 Arcon is a Washington corporation doing business in King County, Washington.

1.2 On information and belief, Defendant KCL Excavating, Inc. ("KCL") is a Washington corporation doing business in King County, Washington. KCL has a principal office at 11905 Langworthy Rd. SW, Rochester, WA, 98579.



**Miller Nash LLP**
605 5th Avenue S, Suite 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599

1.3 On information and belief, Defendant Western National Assurance Company ("Western National") is a Minnesota corporation and insurance company doing business in King County, Washington. Western National has a principal place of business in Edina, Minnesota.

## II. JURISDICTION AND VENUE

2.1 Jurisdiction and venue are pursuant to RCW 4.12.025 because Arcon's claims arise out of conduct occurring in King County.

2.2 Venue is further proper in this Court pursuant to RCW 48.05.220 because the causes of action arose in King County.

## III. FACTUAL BACKGROUND

### A. The Subcontract.

3.1 On or about April 27, 2022, Arcon entered into a contract with the owner Merlone Geier Management, LLC (the "Prime Contract") for construction at 1928 South Commons, Federal Way, Washington, 98003 (the "Project"). Arcon served as the Project's general contractor.

3.2 On or about May 25, 2022, Arcon subcontracted with KCL for certain sitework on the Project including, but not limited to, excavation, dirtwork, compaction, drainage, and concrete and asphalt preparation.

3.3 Pursuant to the Subcontract, Exhibit 2, Section 17, "Subcontractor shall at no cost to Contractor, correct any Work that fails to conform to the requirements of the Agreement and appears during the progress of the Work, and shall remedy any defects due to faulty materials or workmanship which appear within a period of one year from the date of completion and acceptance thereof by Contractor, unless the manufacturer of the equipment or materials has a warranty for a longer period of time. Subcontractor shall assign all third party contracts to Owner, unless otherwise directed by Contractor. The provisions of this paragraph apply to Work done by sub-subcontractors as well as to Work done by employees of Subcontractor. If any defective Work is not corrected by Subcontractor within three (3) days following written notice thereof by Contractor, or if Subcontractor's defective Work prevents other subcontractors from executing



**Miller Nash LLP**
605 5th Avenue S, Suite 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599

their work in accordance with their contracts in a timely fashion, and is not corrected within such period of time, after notice from Contractor, then Contractor may immediately correct such defective Work (including Work not completed in a timely fashion) and may either bill the Subcontractor for all costs and expenses incurred by Contractor in correcting such deficiencies or deduct the same from sums otherwise due Subcontractor."

3.4 In addition to the above-referenced provision of the Subcontract, KCL provided a Subcontractor Warranty Form providing that "KCL Excavating, Inc, being Subcontractor to Arcon GC, LLC ("Contractor"), does hereby warrant that all labor and materials furnished and work performed in conjunction with the above referenced Project are in accordance with Subcontractor Agreement and Contract Documents and authorized modifications thereto, and will be free from defects due to defective materials or workmanship for a period of one year from date of Substantial Completion. This warranty commences on and expires ONE YEAR from that date. If any defect develops during this warranty period due to improper materials, workmanship or other Subcontractor default, Subcontractor shall cause the same, including adjacent work displaced, to be corrected at no expense to the Owner or Contractor. Owner or Contractor will give Subcontractor written notice of defective work. If Subcontractor fails to correct defective work within sixty (60) days after receiving written notice hereof, then Contractor or Owner may, at its option, correct defects and charge Subcontractor costs for such correction. Subcontractor agrees to pay such charges upon demand."

3.5 Further, pursuant to Exhibit 2, Section 14 of the Subcontract, Arcon has the right to terminate KCL "If Subcontractor fails to prosecute the Work promptly or properly or breaches or fails to perform any obligation under the Agreement, Contractor, after seven (7) days written notice to Subcontractor, and to its surety, if any, may, without prejudice to any other right or remedy it may have, terminate the Agreement and take possession of and finish the Work by such means as it sees fit, and if the unpaid balance of the compensation due Subcontractor exceeds the expense of finishing the Work and damages suffered by Contractor, such excess shall be paid to



**Miller Nash LLP**
605 5th Avenue S, Suite 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599

Subcontractor following final completion of the Work, but if the cost of such Work exceeds the unpaid balance due Subcontractor, Subcontractor shall immediately pay the difference to the Contractor."

3.6 With regard to insurance, the Subcontract requires KCL to procure and maintain Commercial General and Automobile Liability insurance with respect to claims, losses, and liabilities which may result directly or indirectly from the performance or nonperformance of the Subcontract. The Subcontract required KCL to obtain an additional insured endorsement(s) naming Arcon as an additional insured.

**B. KCL's Breach of Contract.**

3.7 KCL began its work on the Project in on or about May 25, 2022.

3.8 After KCL's work had been put to its intended use, Arcon discovered multiple deficiencies in KCL's work that had caused extensive property damage. Arcon investigated the defective condition and property damage and determined that when KCL backfilled the trenches, it did not compact the fill in accordance with the contract documents, geotechnical report or industry standards.

3.9 On or about December 14, 2022, Arcon formally notified KCL of the deficiencies, and instructed KCL to provide a plan to repair its defective work and the property damage caused by the same.

3.10 In response, KCL failed to perform any corrective work in accordance with the Subcontract.

3.11 As such, on January 19, 2023, Arcon sent KCL a Notice of Termination of the Subcontract pursuant to Exhibit 2, Section 14. Arcon notified KCL of its responsibility for any and all costs associated with remedying KCL's defective work.

3.12 Subsequently, Arcon proceeded with the corrective work and engaged separate subcontractors. This corrective action included the removal of the blacktop or concrete, removal and disposal of the owner-provided backfill as it could no longer be properly compacted,



**Miller Nash LLP**
605 5th Avenue S, Suite 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599

purchasing new backfill, trucking new fill to the site, placing and compacting the fill and covering with new concrete or blacktop.

3.13 As of this date, Arcon has incurred $557,358.49 in costs to correct KCL's work and remedy the resulting property damage. Pursuant to the terms of the Subcontract, KCL is responsible for these amounts.

**C. Western National's Breach of Contract and Bad Faith.**

3.14 Pursuant to the Subcontract's insurance requirements, KCL obtained Commercial General Liability insurance from Western National under Policy No. CPP 1281113 (the "Policy").

3.15 On information and belief, the Policy also covers Arcon's liability for property damage caused, in whole or part, by KCL during both the "ongoing operations" and "completed operations" periods. This is evidenced by, among other things, KCL's provision of certificates of insurance ("COIs") to Arcon. The first COI, dated March 29, 2022, demonstrates that Arcon was an additional insured under the Policy during both the "ongoing operations" and the "completed operations" time periods. KCL provided an additional COI demonstrating that the Policy was renewed through February 24, 2024. It also provides that Arcon is an additional insured.

3.16 Shortly after discovering the property damage caused by KCL, Arcon tendered a claim to Western National in which, among other things, Arcon demanded indemnity for the property damage caused by KCL's performance failures.

3.17 On or about April 21, 2023, Western National erroneously and unreasonably denied coverage to Arcon as an additional insured under the Policy. Other than an April 5, 2023 request for Arcon's cost documentation, which was fulfilled by Arcon the same day, Western National performed no discernable investigation whatsoever into Arcon's claim.

3.18 Despite all documentation requested and provided to Western National supporting Arcon's claim, Western National has, to date, provided no coverage or insurance benefits to Arcon.



**Miller Nash LLP**
605 5th Avenue S, Suite 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599

3.19 On June 20, 2023, pursuant to RCW 48.30.015(8), Arcon sent notice to Western National of Arcon's intent to assert a cause of action against Western National under the Insurance Fair Conduct Act ("IFCA").

## IV. FIRST CAUSE OF ACTION – BREACH OF CONTRACT

(KCL)

4.1 Arcon realleges and incorporates by reference each and every preceding paragraph.

4.2 Arcon and KCL entered into a valid and enforceable subcontract whereby KCL would perform certain sitework on the Project.

4.3 KCL breached its express and implied obligations under the Subcontract in numerous ways, including but not limited to, failing to perform in accordance with contract documents, failing to correct its defective and nonconforming work, failing to indemnify, defend, and hold harmless Arcon from any and all damage and/or costs arising from KCL's acts and omissions, failing to adhere to KCL's warranty obligations, and failing to cooperate or otherwise hindering Arcon's rights as an additional insured under the Policy.

4.4 As a direct and proximate result of KCL's breaches of its express and implied obligations under the Subcontract, Arcon has incurred damages in an amount to be proven at trial not less than $557,358.49, plus interest, attorneys' fees, costs, and expert witness fees.

## V. SECOND CAUSE OF ACTION – BREACH OF CONTRACT

(Western National)

5.1 Arcon realleges and incorporates by reference each and every preceding paragraph.

5.2 Arcon is an additional insured under the Policy and pursuant to the terms of the Policy, Western National was, at a minimum, required to provide indemnity to Arcon for the property damage to the Project caused in whole or in part by KCL.

5.3 Western National's denial of coverage to Arcon for this property damage constitutes an unreasonable breach of its contractual obligations to Arcon.



**Miller Nash LLP**
605 5th Avenue S, Suite 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599

5.4 Western National's unreasonable breach of its contractual coverage obligations to Arcon has caused, and continues to cause, Arcon damages in an amount to be proven at trial.

## VI. THIRD CAUSE OF ACTION – COMMON LAW BAD FAITH

(Western National)

6.1 Arcon realleges and incorporates by reference each and every preceding paragraph.

6.2 Western National owes Arcon a duty of good faith and fair dealing.

6.3 Western National has committed bad faith through multiple unreasonable acts and omissions, including but not limited to: failing to conduct a reasonable investigation, unreasonably failing to connect the controlling law and language of the Policy to the facts; failing to put Arcon's interests on par with its own, and unreasonably denying Arcon any and all insurance benefits. Western National's unreasonable acts and omissions constitute bad faith under Washington law.

6.4 Western National's bad faith acts and omissions have directly and proximately caused Arcon to suffer damages in an amount to be proven at trial. These include, but are not limited to, the deprivation of benefits owed to Arcon as an additional insured under the Policy and the costs associated with bringing this action for coverage, including interest, court costs and attorney fees.

## VII. FOURTH CAUSE OF ACTION – PER SE AND NOT PER SE CONSUMER PROTECTION ACT VIOLATIONS

(Western National)

7.1 Arcon realleges and incorporates by reference each and every preceding paragraph.

7.2 Each of the acts and omissions described herein were committed in the course of trade and commerce.

7.3 Western National's acts and omissions as described above violated multiple provisions of WAC 284-30-330 including, but not limited to, subsections (1), (3), (4), (7), and (13); such violations are per se violations of RCW 19.86, Washington's Consumer Protection Act (the "CPA").



**Miller Nash LLP**
605 5th Avenue S, Suite 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599

7.4 Western National's acts and omissions also constitute non per se violations of the CPA because, as alleged above, such unreasonable acts and omissions were unfair or deceptive, occurred in trade or commerce, and affected Washington's policyholders and the public interest.

7.5 Such unfair or deceptive acts and omissions directly and proximately caused, and continue to cause, Arcon to suffer damages in an amount to be proven at trial. These damages include, but are not limited to, the deprivation of benefits owed to Arcon as an additional insured under the Policy, interest, the cost of defense, and the costs associated with bringing this action for coverage, including costs and attorney fees.

7.6 Western National's violations of the Consumer Protection Act entitle Arcon to the recovery of its actual damages, attorney fees, litigation costs, and treble its actual damages up to $25,000, pursuant to RCW 19.86.090.

## VIII. FIFTH CAUSE OF ACTION – DECLARATORY RELIEF

(Western National)

8.1 Arcon realleges and incorporates by reference each and every preceding paragraph.

8.2 A clear and present dispute exists between Arcon and Western National concerning their respective rights and obligations as to coverage under the Policy. Accordingly, Arcon seeks declaratory judgment that:

a. Arcon is an additional insured under the Policy;

b. Western National unreasonably denied coverage;

c. Western National's investigation of Arcon's claim for coverage and policy benefits was unreasonable;

d. Western National committed per se and non per se violations of the Washington Consumer Protection Act;

e. The property damage to the Project caused in whole or in part by KCL's wrongful acts or omissions is covered by the Policy; and

f. Any other relief as the Court deems appropriate.



**Miller Nash LLP**
605 5th Avenue S, Suite 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599

## IX. FIFTH CAUSE OF ACTION – INSURANCE FAIR CONDUCT ACT VIOLATIONS

(Western National)

9.1 Arcon realleges and incorporates by reference each and every preceding paragraph.

9.2 On June 20, 2023, pursuant to RCW 48.30.015(8), Arcon sent notice to Western National of Arcon's intent to assert a cause of action against Western National under IFCA.

9.3 Western National has failed to respond to or resolve Arcon's IFCA claim within the 20-day statutory period provided by RCW 48.30.015(8)(a).

9.4 Arcon has met all statutory requirements necessary to assert and maintain an IFCA cause of action against Western National. RCW 48.30.15(8)(b).

9.5 Western National is liable under IFCA for, among other things: failing to conduct a reasonable investigation into Arcon's claim under the Policy; compelling Arcon to initiate litigation to recover amounts due to it under the Policy; failing to reasonably connect the Policy's language, on which Western National's denial of insurance benefits and/or coverage relies, to controlling law and the facts of Arcon's claim; and unreasonably denying Arcon's claim and the policy benefits to which Arcon is entitled.

9.6 In the course of failing to respond or resolve Arcon's claim, Western National committed numerous unfair claims settlement practices including, but not limited, those prohibited by Washington Administrative Code ("WAC") provisions 284-30-330(1), (3), (4), (7), and (13). Western National also violated, at a minimum, WAC 284-30-350(1).

9.7 Western National's acts and omissions in violation of IFCA have proximately and directly caused and continue to cause Arcon to suffer damages in an amount to be proven at trial but not less than $557,358.49.

9.8 Arcon is entitled to recovery for its actual damages, attorney fees, litigation costs, and expert witness fees pursuant to RCW 48.30.015(3).

9.9 The Court may award up to three times Arcon's actual damages pursuant to RCW 48.30.015(2).



**Miller Nash LLP**
605 5th Avenue S, Suite 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599

## X. PRAYER FOR RELIEF

WHEREFORE, Arcon prays for relief against Defendants as follows:

A. For judgment against KCL in an amount to be proven at trial not less than $557,358.49, plus pre- and post-judgment interest calculated at a rate of twelve percent (12%) per annum, plus attorneys' fees, expert witness fees, expenses, and costs;

B. For declaratory relief as described above;

C. For judgment against Western National for damages in an amount to be proven at trial, plus pre- and post-judgment interest calculated at the rate of twelve (12%) per annum, plus attorneys' fees, expert witness fees, expenses, and costs.

D. For treble damages against Western National under the Consumer Protection Act up to the statutory maximum;

E. For attorneys' fees, expert costs, expenses, and treble Arcon's actual damages under the Insurance Fair Conduct Act up to the statutory maximum; and

F. For such other and further relief as the Court deems just and equitable.

DATED this 12th day of October, 2023.

*s/Tristan Swanson*
Tristan Swanson, WSBA No. 41934
MILLER NASH LLP
605 5th Ave S, Ste 900
Seattle, WA 98104
Tel: (206) 624-8300
Fax: (206) 340-9599
Email: tristan.swanson@millernash.com

Attorneys for Plaintiff

# Attachment 2

**MIKE KREIDLER**
STATE INSURANCE COMMISSIONER

**STATE OF WASHINGTON**

Phone: 360-725-7000
www.insurance.wa.gov




**OFFICE OF**
## INSURANCE COMMISSIONER

Certificate number **25885** is being issued to certify that the Insurance Commissioner of the State of Washington (OIC) has **ACCEPTED** service of process in the matter below.

| | |
|---|---|
| Date Service of Process Accepted: | 10/16/2023 |
| Certificate Issued: | 10/17/2023 |
| Issued By: | Ben Charles BC |
| Certificate Type: | First Attempt |
| Certified Mailing Number: | 9589071052700177911915 |
| Service Requested Upon: | WESTERN NATIONAL ASSURANCE COMPANY<br>MC-CSCI<br>300 Deschutes Way SW Suite 208<br>Tumwater, WA 98501 US |
| Authorized in Washington: | Yes |
| Attorney Details: | TRISTAN SWANSON<br>MILLER NASH LLP<br>605 5TH AVE S STE 900<br>SEATTLE, WA 98104-3865 US<br>206-624-8300<br>tristan.swanson@millernash.com |
| Case Number: | 23-2-19752-6 |
| Plaintiff: | ARCON GC, LLC, a Washington corporation |
| Defendant: | KCL EXCAVATING, INC., a Washington corporation; and WESTERN NATIONAL ASSURANCE COMPANY, a Minnesota corporation |
| Documents: | ORDER SETTING CIVIL CASE SCHEDULE<br>COMPLAINT<br>SUMMONS |
| Copies Sent To: | TRISTAN SWANSON<br>WESTERN NATIONAL ASSURANCE COMPANY |

# Attachment 3







FIRST CLASS

US POSTAGE PITNEY BOWES
ZIP 98501 $ 006.66[0]
02 4W
0000354556 OCT 18 2023

WESTERN NATIONAL ASSURANCE COMPANY
MC-CSCL 300 DESCHUTES WAY SW SUITE 208
TUMWATER WA 98501