UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARCON GC, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>KCL EXCAVATING, INC., et al.,<br><br>　　　　　　　Defendants. | CASE NO. C23-1720JLR<br><br>ORDER |

## I.　INTRODUCTION

Before the court is Defendant Western National Assurance Company's ("Western National") motion to sever Plaintiff Arcon GC, LLC's ("Arcon") claims against Western National as misjoined to the underlying contract litigation between Arcon and Defendant KCL Excavating, Inc. ("KCL"). (Mot. (Dkt. # 4); Reply (Dkt. # 16).) Arcon opposes the motion to sever. (Resp. (Dkt. # 15).) KCL has not responded to the motion. (*See generally* Dkt.) The court has considered the motion, the submissions of the parties, the

ORDER - 1

relevant portions of the record, and the governing law. Being fully advised,[1] the court DENIES Western National's motion to sever and REMANDS this action to King County Superior Court.

## II.   BACKGROUND

This action arises from KCL and Western National's alleged breaches of their respective contracts with Arcon. Arcon and KCL are Washington corporations having principal places of business in Washington. (Compl. (Dkt. # 1-3) ¶¶ 1.1-1.2.) In April 2022, Arcon entered into a prime contract as general contractor for a construction project in Federal Way, Washington (the "Project"). (*Id.* ¶ 3.1.) About a month later, Arcon entered into a subcontract with KCL for certain work at the Project. (*Id.* ¶ 3.2.) Among other things, the subcontract required KCL to obtain commercial general liability ("CGL") insurance and name Arcon as an additional insured. (*Id.* ¶ 3.6; *see also id.* ¶¶ 3.3-3.5 (describing other provisions of the subcontract).) Arcon alleges that it discovered deficiencies in KCL's work on the Project that caused extensive property damage. (*Id.* ¶¶ 3.7-3.8.) After investigating, Arcon determined that KCL had not performed its work in accordance with the contract. (*Id.*) Arcon formally notified KCL of the deficiencies and instructed it to provide a plan to repair the work and the resulting damage. (*Id.* ¶ 3.9.) When KCL failed to perform any corrective work, Arcon sent KCL a notice of termination pursuant to the terms of the subcontract and notified KCL of its

---

[1] No party has requested oral argument (*see* Mot. at 1; Resp at 1), and the court deems oral argument to be unnecessary for its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

responsibility for all costs associated with remedying the defective work. (*Id.* ¶¶ 3.10-3.11.) Arcon then engaged other subcontractors to complete the corrective work and incurred over $500,000 in costs to remedy the damage. (*Id.* ¶¶ 3.12-3.13.)

As required by the subcontract, KCL obtained a CGL policy (the "Policy") from Western National, a Minnesota corporation with a principal place of business in Minnesota. (*Id.* ¶¶ 1.3, 3.14.) Arcon alleges that the Policy covers Arcon's liability for the property damage caused by KCL; that it is an additional insured under that Policy; and that it tendered a claim to Western National demanding indemnity for the damage that KCL caused. (*Id.* ¶¶ 3.15-3.16.) Western National, however, denied Arcon's claim for coverage. (*Id.* ¶¶ 3.17-3.18.)

Arcon filed the instant lawsuit against both KCL and Western National in King County Superior Court on October 16, 2023. (*See id.* at 1.) It alleges a claim against KCL for breach of the subcontract (*id.* ¶¶ 4.1-4.4) and claims against Western National for breach of the insurance contract, bad faith, violations of the Washington Consumer Protection Act and Insurance Fair Conduct Act, and declaratory relief (*id.* ¶¶ 5.1-9.9).

On November 9, 2023, Western National filed a timely notice of removal from King County Superior Court. (Not. of Removal (Dkt. # 1).) Western National filed this motion to sever that same day. (Mot.)

### III.   ANALYSIS

A defendant may remove any civil action filed in state court over which federal district courts have original jurisdiction. 28 U.S.C. § 1441(a)(1). District courts have original jurisdiction on the basis of diversity "over suits for more than $75,000 where the

citizenship of each plaintiff is different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)). An action that is otherwise removable solely on the basis of diversity may not be removed if any of the properly-joined defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2). Federal courts strictly construe the removal statute and must reject jurisdiction if there is any doubt as to the right of removal in the first instance. *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing defendant faces a "strong presumption" against removal and bears the burden of establishing, by a preponderance of the evidence, that removal was proper. *Gaus*, 980 F.2d at 566.

Western National asserts that this court has diversity subject matter jurisdiction over this action—and thus removal is proper—because (1) the amount in controversy exceeds $75,000; (2) Arcon is a citizen of Washington; (3) Western National is a citizen of Minnesota; and (4) KCL's Washington citizenship should be disregarded because Arcon misjoined its claims against Western National to its contract litigation against KCL. (Mot. at 1, 4-7 (arguing that Arcon's claims against Western National were misjoined under Federal Rule of Civil Procedure 20(a)(2)[2]); Not. of Removal ¶¶ 4.1-4.4.) It asks the court to sever Arcon's claims against Western National from its claims against KCL. (Mot. at 7-8 (quoting Fed. R. Civ. P. 21).)

---

[2] Parties may be permissively joined as a defendant where the plaintiff asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

1     Arcon counters that there is no misjoinder exception to the jurisdictional

2 requirement of complete diversity between the parties and courts in the Ninth Circuit do

3 not recognize "fraudulent misjoinder" as a basis for ignoring the citizenship of the

4 nondiverse defendant upon removal. (Resp. at 4-7.) Thus, according to Arcon, this court

5 lacks subject matter jurisdiction over this action and must remand it to state court. (*Id.* at

6 1.) The court agrees with Arcon.

7     The court is persuaded by the court's analysis in *Sztroin v. Dituri*, No.

8 C22-5608BHS, 2022 WL 7053149 (W.D. Wash. Oct. 12, 2022). In that case, a

9 Washington plaintiff sued several Washington parties and a diverse insurer. *Id.* at *1.

10 The insurer removed the case to this court on the basis of diversity jurisdiction. *Id.* The

11 plaintiff moved to remand, and the insurer moved to sever. *Id.* at *1-2. The insurer

12 argued, as Western National does here, that the plaintiff improperly joined it in the same

13 lawsuit against the nondiverse defendants and thus the court should sever the claims

14 against the nondiverse defendants, remand that portion of the case, and retain jurisdiction

15 over the remaining claims against the insurer. *Id.* at *2.

16     The court explained that fraudulent misjoinder "occurs when the plaintiff joins

17 both diverse and nondiverse defendants and the claim against the diverse defendant has

18 'no real connection' to any claim against a nondiverse defendant." *Id.* at *3 (quoting

19 *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on*

20 *other grounds by Cohen v. Off. Depot, Inc.*, 204 F.3d 1069, 1072-73 (11th Cir. 2000)).

21 "Under this doctrine, such egregious 'misjoinder' of parties allows courts to ignore the

22 citizenship of the nondiverse parties upon removal." *Id.* (quoting *Tapscott*, 77 F.3d at

1360). The court observed, however, that the Ninth Circuit has not adopted the doctrine and that most district courts in the Ninth Circuit (including courts within this District) have expressly declined to adopt it. *Id.* at *3 (citing *Peterson v. Kennewick*, No. C18-1302BJR, 2018 WL 6573155, at *8 (W.D. Wash. Dec. 13, 2018) (collecting cases)). The court was also mindful that the doctrine has been criticized on the grounds "that questions of joinder under state law do not implicate federal subject matter jurisdiction, federal jurisdiction is to be narrowly construed, and the fraudulent misjoinder doctrine has created an unpredictable and complex jurisdictional rule." *Id.* (quoting *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 621-22 (8th Cir. 2010)); *see also Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 815-17 (5th Cir. 2021) (refusing to adopt the fraudulent misjoinder because it would run contrary to 28 U.S.C. § 1441(b)(2), allow federal courts to "engage in significant procedural wrangling in order to *create* jurisdiction," and improperly expand federal jurisdiction).

After considering "the great weight of authority," the *Sztroin* court declined to apply fraudulent misjoinder and instead followed the "better rule," under which courts remand the case to allow the state court to resolve the claimed misjoinder. *Sztroin*, 2022 WL 7053149, at *3 (quoting *Osborn v. Metro. Life Ins. Co.*, 341 F. Supp. 2d 1123, 1127 (E.D. Cal. 2004)); *see also Peterson*, 2018 WL 6573155, at *9 (concurring with the "overwhelming number of district courts in this Circuit that the better course of action is to remand the entirety of the matter and leave to the sound judgment of the state court any motion to sever"). Thus, having found that the insurer did not meet its "heavy burden" to establish that removal was proper, the court granted the plaintiff's motion to

remand and denied the insurer's motion to sever without prejudice and with leave to refile it in state court.  *Sztroin*, 2022 WL 7053149, at *4.

      The court agrees with and follows the approach taken by the *Sztroin* court.  Therefore, the court (1) concludes that Western National has failed to overcome the "strong presumption" against removal, *Gaus*, 980 F.2d at 566, (2) denies Western National's motion to sever without prejudice, and (3) remands this matter to King County Superior Court for lack of subject matter jurisdiction.  *See Sztroin*, 2022 WL 7053149, at *4; *Peterson*, 2018 WL 6573155, at *9.

      Western National insists that its motion does not rely on the doctrine of fraudulent misjoinder.  (Reply at 1-2.)  Instead, it asserts, "the issue presented is simply whether permissible joinder of Arcon's claims against both Defendants was or was not warranted, under the federal rules regarding permissible joinder."  (*Id.*)  Because the "great weight of authority" in the Ninth Circuit rejects the principle that a court can ignore the citizenship of nondiverse defendants in cases of "egregious" misjoinder, however, the court declines to adopt a more permissive rule that would justify severing nondiverse claims in cases of ordinary misjoinder under Rule 20(a)(2).  *Sztroin*, 2022 WL 7053149, at *3; *see also Bank of Am., N.A. v. Fid. Nat'l Title Grp., Inc.*, 616 F. Supp. 3d 1090, 1098 (D. Nev. 2022) (declining "the invitation to create subject-matter jurisdiction by severing claims" because "[i]f claims are truly misjoined, a removing defendant could—and should—move to sever the claims in state court and then remove"); *Williams*, 18 F.4th at 815 (noting that state courts are better suited to analyze questions of misjoinder).

The court is not persuaded by Western National's cited authority. *West Star Yacht, LLC v. Seattle Lake Cruises, LLC*, for example, is readily distinguishable from this case because it was originally filed in federal court and there is no indication that the court's jurisdiction was ever at issue. (Mot. at 5, 7 (citing *W. Star Yacht, LLC v. Seattle Lake Cruises, LLC*, No. C21-0223RSM, 2022 WL 326786, at *5-6 (W.D. Wash. Feb. 2, 2022) (severing insurance claims against an insurer as misjoined to breach of contract and negligence claims against its co-defendant)).) And although *Hinrichs v. Burwell* was removed on the basis of diversity jurisdiction, that court did not consider whether it was appropriate under the statutes governing removal and jurisdiction to sever the nondiverse claims upon removal. (*See* Mot. at 5-6 (citing *Hinrichs v. Burwell*, No. C21-0080RAJ-BAT, 2021 WL 1341083, at *1 (W.D. Wash. Feb. 23, 2021), *report and recommendation adopted*, 2021 WL 1338516 (W.D. Wash. Apr. 9, 2021)).) Instead, the *Hinrichs* court simply considered whether the claims against the nondiverse defendant were misjoined and, finding that joinder was improper under Rule 20(a), recommended that the claims be severed. *Hinrichs*, 2021 WL 1341083, at *3-4; *see also Hinrichs*, 2021 WL 1338516, at *1 (adopting the recommendation, severing the claims, and remanding the claims against the nondiverse defendants to King County Superior Court). The court declines to follow *Hinrichs* and instead follows those cases that reject the principle that a court can create subject matter jurisdiction by severing misjoined claims. *See Sztroin*, 2022 WL 7053149, at *3; *Peterson*, 2018 WL 6573155, at *9; *Williams*, 18 F.4th at 816. Thus, the court denies Western National's motion to sever and remands this matter to King County Superior Court for lack of subject matter jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Western National's motion to sever (Dkt. # 4) without prejudice to refiling the motion in state court. This matter is REMANDED to King County Superior Court for lack of subject matter jurisdiction.

Dated this 11th day of January, 2024.

JAMES L. ROBART
United States District Judge